**CAROLINA PARACHUTE CORP., Plaintiff,**

v.

**GOODYEAR AEROSPACE CORPORATION, Loral Corporation, Loral Corporation Engineered Fabric Division, and Divested Aerospace Corporation, Defendant.**

**No. C–89–799–D.**

United States District Court, M.D. North Carolina, Durham Division.

Jan. 27, 1992.

See also 108 B.R. 100.

Herman L. Stephens, Winston–Salem, N.C., for plaintiff.

William K. Davis, James R. Fox and Charlot F. Wood of the firm Bell, Davis & Pitt, P.A., Winston–Salem, N.C., for defendant.

MEMORANDUM OPINION
AND ORDER

HIRAM H. WARD, Senior District
Judge.

This matter comes before this Court on defendants, Goodyear Aerospace Corporation, Loral Corporation, Loral Corporation Engineered Fabric Division, and Divested Aerospace Corporation's ("Loral Defendants") Motion to Dismiss and plaintiff counsel, Herman L. Stephens', Motion to Withdraw as counsel to bankrupt plaintiff's assignee, Herbert H. Bauer.

## I. FACTS

This case is now over two years old, having been filed on behalf of the bankrupt plaintiff, Carolina Parachute Corporation ("Carolina Parachute") on October 20, 1989.[1] In its complaint, plaintiff alleged numerous claims against myriad defendants arising out of a government contract obtained by plaintiff in the early 1980's. Shortly after plaintiff filed its complaint, its attorneys moved to withdraw.[2]

On January 3, 1990, this Court entered an order directing counsel for plaintiff to notify the Court within forty-five days regarding arrangements for successor counsel. On January 16, 1990 and again on February 16, 1990, counsel for plaintiff notified the Court that despite "numerous inquiries" made of Mr. Bauer, they had not received instructions on obtaining successor counsel. Soon thereafter, the Loral Defendants filed their first Motion to Dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

In response to defendants' Motion to Dismiss, plaintiff moved the Court to grant an extension of time for plaintiff to obtain successor counsel. In so doing, plaintiff argued that Mr. Bauer had been in West Germany and was therefore unable to obtain counsel here. The Court allowed plaintiff an additional forty-five days and plaintiff obtained successor counsel in March 1990. Plaintiff's new attorney was Herman L. Stephens.

On September 18, 1990, this Court granted defendants' Motion to Dismiss. In so doing, the Court pointed to the actions of Mr. Bauer in failing to diligently and affirmatively pursue this action as manifestly unfair to defendants. *Carolina Parachute v. Goodyear Aerospace Corp.*, No. C–89–799–D, slip op. at 4 (M.D.N.C. Sept. 18, 1990).

Soon thereafter, plaintiff filed numerous pleadings seeking the Court to reconsider and withdraw its judgment of dismissal. These pleadings were ultimately successful when the Court issued an order reopening this case on December 12, 1990. However, responding to Mr. Bauer's commitment to henceforth pursue this case in a diligent manner, the Court admonished Mr. Bauer, stating:

> Once plaintiff institutes an action, he must diligently pursue it and not allow it to languish upon the calendar, causing only further frustration and expense for defendants.... plaintiff['s] far flung business interests cannot be allowed to override the equally urgent necessity for attending to the serious implications of his own lawsuit.... If it is found, though, that plaintiff is using his status as a foreign national to avoid pursuing his action or to harass defendants, or, in the event of other dilatory or prejudicial behavior, this Court will not hesitate to

---

1. By order of the Honorable Jerry G. Tart, United States Bankruptcy Court for the Middle District of North Carolina, *In re* Carolina Parachute Corp., Debtor, Chapter 7 Case No. B–87–02203–C–11 (M.D.N.C. Oct. 31, 1989), any and all causes of action which plaintiff may have had in this action were assigned to the president of Carolina Parachute, Herbert H. Bauer, individually, on October 31, 1989. Mr. Bauer assumed the responsibility for pursuing and funding this litigation in accordance with the above mentioned order.

2. The original attorneys for Carolina Parachute in its bankruptcy proceedings, Ivey, Ivey & Donohue, filed this complaint prior to the running of the statute of limitations. However, the attorneys never agreed to represent Mr. Bauer individually. Accordingly, they moved to withdraw as counsel to Mr. Bauer on November 28, 1989. Motion to Withdraw as Counsel of Ivey, Ivey & Donohue at 4–5, Carolina Parachute v. Goodyear Aerospace Corp., No. C–89–799–D (M.D.N.C. filed Oct. 20, 1989).

impose such sanctions as may be required.

*Carolina Parachute*, No. C–89–799–D, slip op. at 2–3 (M.D.N.C. Dec. 12, 1990).

Once the case was reopened, Magistrate Judge P. Trevor Sharp held an initial pretrial conference on January 29, 1991. As a result of the conference, the Court ordered that all discovery be completed on or before June 29, 1991, a date the Court premised on Mr. Bauer's representation that he would promptly initiate his own discovery and also make available to defendants documents requested by them for review.

Notwithstanding numerous phone calls to plaintiff's counsel, defendants did not receive access to some 100,000 pages of documents held by plaintiff until March 1991, only two months before the initial discovery period was to expire. To explain the delay in allowing defendants access to the documents, plaintiff's counsel expressed continuing difficulties in communicating with his client and receiving the necessary authorizations for discovery to proceed.

On June 25, 1991, in a Joint Motion for Extension of Discovery Period, both parties requested an additional period of time for discovery to allow plaintiff's counsel to complete his documentary review and for both plaintiff and defendants to complete depositions necessary to the case. Magistrate Judge Sharp issued an order allowing for an additional sixth months of discovery to end on December 31, 1991.

On August 3, 1991, Mr. Stevens filed a motion asking the Court to allow him to withdraw from the representation of Mr. Bauer because of irreconcilable differences between counsel and Mr. Bauer. In his motion, Mr. Stephens states that the differences between him and Mr. Bauer involve disagreements over how to proceed in this matter, scheduling matters, analysis of claims, legal theories and other matters related to the core of the attorney client relationship. Mr. Stevens advised counsel for defendants of the pending motion. Defendants did not object to the motion.

As of December 31, 1991, plaintiff had not proceeded with any further discovery.

However, Mr. Bauer did file a *pro se* request for a second additional period of time to complete discovery citing, among other things, illness and an inability to leave the country of Libya for lack of an exit visa. On December 23, 1991, Magistrate Judge Sharp denied the motion stating that:

> The parties have been given nearly one full year of discovery *since the case was re-opened.* The parties had almost another year for discovery in the time before the Court first dismissed this action (in September 1990) for failure of the plaintiff to prosecute. While Bauer has tendered several excuses for his failure to accomplish the discovery he believes he needs (i.e., health, geographic distance, disputes with counsel), the fact remains that *more* than ample time for discovery has already been made available by the Court, and none of Bauer's excuses account for reasonable use of the extensive time that has been made available for discovery.

*Carolina Parachute*, No. C–89–799–D, (M.D.N.C. Order filed Dec. 23, 1991) (emphasis in original). Accordingly, as of this date, plaintiff has exhausted all time allowed by the Court for discovery without conducting any significant document review or witness examination.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for the involuntary dismissal of a plaintiff's claim where the plaintiff has failed to prosecute the case or to comply with the Federal Rules of Civil Procedure. Rule 41(b) provides in pertinent part:

> **(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule ... operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b).

It is settled law that Rule 41(b) vests in the district courts the power to dismiss a

case with prejudice for plaintiff's failure to prosecute. *Dove v. CODESCO,* 569 F.2d 807, 810 (4th Cir.1978). However, dismissal with prejudice is a "harsh sanction which should not be invoked lightly." *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). Further, the dismissal sanction is usually inappropriate when it unjustly penalizes a blameless client for its attorney's behavior. *Hillig v. Commissioner,* 916 F.2d 171, 173 (4th Cir.1990) (quoting *Dove,* 569 F.2d at 810). Accordingly, in determining whether to dismiss a plaintiff's case under Rule 41(b), the court must weigh the importance of judicial economy against the sound public policy of deciding cases on their merits. *Id.* at 173–74. In so doing, the Court must consider the following four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* at 174 (quoting *Herbert v. Saffell,* 877 F.2d 267, 270 (4th Cir.1989)).

In the instant case, the facts clearly warrant a dismissal of plaintiff's action pursuant to Rule 41(b). The record illustrates that plaintiff's problems in properly prosecuting this case have not been because of plaintiff's counsel. Instead, plaintiff's president, Mr. Bauer, must take full, personal responsibility for plaintiff's delays in the prosecution of this action. Even after the Court reopened this case, giving Mr. Bauer a second opportunity to pursue it, and notwithstanding a stern admonishment from the Court to pursue this action diligently, Mr. Bauer's pattern of dilatory behavior has not improved. Rather, it has worsened.

For instance, plaintiff filed requests for admissions, interrogatories and production of documents in April 1991. Defendants timely responded, an action which required defendants to send a team of lawyers and paralegals to a repository in Washington, D.C. to review the approximately 30,000 pages of requested documents for responsiveness and privilege, and to ready the documents for review. Defendants accomplished this activity at substantial cost and well within the discovery period prescribed by the Court in its initial pretrial order after reopening the case. However, plaintiff's counsel experienced difficulties in communicating with Mr. Bauer and thereby obtaining permission from him to review these documents and proceed with other discovery. Therefore, plaintiff's counsel never completed any document review or took any depositions within the initial discovery period allowed by the Court. Further, because of continued communication problems, plaintiff's counsel has accomplished little discovery in the six months of additional discovery time granted by the Court.

It may be true that Mr. Bauer has been ill and out of this country attending to his overseas business interests during the course of the last year. However, this fact alone does not warrant such unreasonable delay and uncooperative behavior as has been exhibited by Mr. Bauer. As for the Loral Defendants, they have diligently pursued their obligations to the Court at a substantial cost in both time and money.

The Court understands that dismissal with prejudice under Rule 41(b) is a severe sanction. However, it is one which "must be available to the district court in appropriate cases...." *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 *reh'g denied,* 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976). The record reflects a drawn out history of plaintiff through its assignee, Mr. Bauer, proceeding in this case in a dilatory fashion. Mr. Bauer has acted with indifference to his own counsel as well as the rules and orders of this court. It would be manifestly unfair to allow plaintiff to continue to keep defendants dangling "on a string" without diligently and affirmatively pursuing this action. Accordingly, this Court chooses not to prejudice defendants further by forcing them to allow legal costs to mount while waiting for plaintiff to prosecute the case.

Finally, as to Mr. Stephens' Motion to Withdraw, the Court will grant counsel's

request provided he takes the following steps to insure that neither plaintiff's nor defendants' rights are prejudiced in any way. First, Mr. Stephens must furnish a copy of this Order to Mr. Bauer at his last known address and file a Certification with the Clerk of Court to that effect. Second, Mr. Stephens must furnish a copy of Mr. Bauer's last known address to defendants' counsel of record to allow for future service of process in this or any other action.

IT IS, THEREFORE, ORDERED, that defendants' Motion to Dismiss be, and the same hereby is, GRANTED, and that this action be, and the same hereby is, DISMISSED, with costs to be taxed against bankrupt plaintiff's assignee, Herbert H. Bauer.

IT IS FURTHER ORDERED that plaintiff counsel's Motion to Withdraw be, and the same hereby is, GRANTED, upon compliance with the above stated conditions.