**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LEE N. KOEHLER,
Plaintiff-Appellant,

v.

A. DAVID DODWELL,
Defendant,

SUSAN J. MITCHELL,
Party in Interest,

THE REEFS; JENKINS AND GIBSON,
LIMITED; WINDWARD PROPERTIES,
LIMITED;
Garnishees,

and

THE REEFS BEACH CLUB, LIMITED,
Garnishee-Appellee.

No. 99-1776

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-92-2982-S)

Argued: May 2, 2000

Decided: June 2, 2000

Before WILKINS and LUTTIG, Circuit Judges, and
Frank W. BULLOCK, Jr., United States District Judge for the
Middle District of North Carolina, sitting by designation.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Brian Grayson West, Towson, Maryland, for Appellant. Thomas Carroll Beach, III, WHITEFORD, TAYLOR & PRESTON, L.L.P., Baltimore, Maryland, for Appellee. **ON BRIEF:** Paul F. Newhouse, Towson, Maryland, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lee N. Koehler appeals an order of the district court dismissing his garnishment action against The Reefs Beach Club, Limited (The Reefs). We reverse the dismissal and remand for further proceedings.

I.

The Reefs is a closely held Bermuda corporation, of which A. David Dodwell is president and in which Dodwell owns 60 percent of the voting stock. Koehler, who is an attorney, initiated this garnishment action attempting to collect on a default judgment he had obtained against Dodwell in 1993 in the federal district court for the District of Maryland. On November 18, 1993, Koehler served Dodwell and The Reefs with writs of garnishment of wages and property. Koehler served second writs of garnishment of wages and property on Dodwell and The Reefs on September 12, 1994, when Dodwell was present in Maryland. When neither Dodwell nor The Reefs answered the garnishment writs, Koehler moved the district court for entry of an order of default. Senior District Judge Frank A. Kaufman entered an order of default on June 24, 1996.

The Reefs finally responded to the garnishment writs on July 18, 1996 by moving unsuccessfully to vacate the default order against it.

2

In his order denying the motion to vacate, Judge Kaufman specifically rejected The Reefs' claim that the district court lacked personal jurisdiction over The Reefs, ruling that the jurisdictional challenge was untimely. In that order, however, Judge Kaufman also stated the following:

> If, as Garnishee has submitted, Garnishee has no assets in Maryland, and Garnishee files an appropriate document-- which it has not seemingly done to date--setting forth in form which will be appropriate if Federal Civil Rule 56 is applicable the fact that Garnishee has no assets in Maryland, then such a submission by Garnishee would seemingly, at least for the time being, result in no garnishment being accomplished in this case in this Court.

J.A. 95. On September 11, The Reefs filed a response to this order, incorporating by reference an affidavit of a director of The Reefs, which stated that The Reefs held no assets in Maryland and owed no debts to Dodwell. Koehler subsequently filed a reply with which he submitted an affidavit from his counsel in a prior court proceeding stating that the director's representation that The Reefs did not own assets in Maryland was inconsistent with representations the director had made in that prior proceeding. On October 29, Judge Kaufman granted Koehler the right to conduct discovery through January 20, 1997 to determine "what assets, if any, of [Dodwell's] exist[ ] in Maryland and/or in any other jurisdiction within or without the 50 states of the United States." Id. at 147.

On December 20, 1996, Koehler served The Reefs with written interrogatories and requests for document production. The Reefs replied on January 16, 1997, but restricted its answers solely to assets located within the United States. On February 20, Judge Kaufman conducted an on-the-record telephone conference with legal counsel for the parties. During this conference, the discovery dispute was discussed, and Judge Kaufman indicated that The Reefs was primarily to blame for the discovery difficulties. Following the conference, Judge Kaufman referred the discovery matter to Magistrate Judge Daniel E. Klein, Jr. and directed him to provide the court with evidence of his actions, rulings, and recommendations no later than July

3

11. Koehler failed to undertake any further discovery prior to July 11, however.

On July 14, Koehler's law partner, Brian G. West, entered an appearance for Koehler in the garnishment proceeding and wrote to Judge Klein explaining why he had been unable to complete discovery. In this letter, West also requested enlargement of the time period allowed for the completion of discovery. The Reefs subsequently responded to the motion and simultaneously moved to dismiss the garnishment action with prejudice. In the motion to dismiss, The Reefs chronicled Koehler's failure to take advantage of the time allotted for discovery and asserted that his failure to identify any assets subject to jurisdiction of the district court mooted the garnishment action.

Acting for Judge Kaufman, Judge Andre M. Davis issued an order, dated July 22, that referred the motion to dismiss to Judge Klein for a "[h]earing (if necessary), proposed findings of fact, and recommendations." Id. at 213. Before entry of this order on July 24, however, Judge Klein issued an order denying Koehler any time for further discovery. Judge Kaufman died on July 31.

On August 4, the day on which Koehler's response to The Reefs' motion to dismiss was due, Koehler moved for an extension of time in which to respond. See Fed. R. Civ. P. 6(b)(1). In support of the motion, Koehler asserted that he intended to file objections to the order denying him further time for discovery and that The Reefs' motion to dismiss on the basis of Koehler's failure to complete discovery was therefore premature. Koehler requested that he be allowed ten days following the ruling on his objections in which to respond to the motion to dismiss. Koehler subsequently filed objections to Judge Klein's order on August 8. Because of Judge Kaufman's death, the case was reassigned to District Judge Frederic N. Smalkin on August 12.

On August 15, three days after having been assigned the case, Judge Smalkin issued a memorandum opinion and order that (1) rescinded Judge Davis' July 22 order of reference, (2) affirmed Judge Klein's denial of Koehler's request for an extension of time in which to complete discovery, (3) denied Koehler's motion for enlargement

4

of time to respond to the motion to dismiss, and (4) dismissed the garnishment action "without prejudice," subject to reinstitution if Koehler "file[d] an affidavit of counsel asserting that there is property of [Dodwell] located in Maryland in the custody of [The Reefs]." J.A. 270. In dismissing the action, Judge Smalkin wrote that "the Court sees utterly no reason to justify the plaintiff's failure to respond to the motion to dismiss pending resolution of the objection" to Judge Klein's denial of Koehler's request for an extension of the time for discovery. Id. at 269. Judge Smalkin added that "there is absolutely no reason to keep this case open, the plaintiff having failed diligently to pursue discovery of assets subject to garnishment within the jurisdiction of this Court." Id.

Koehler moved for reconsideration on August 29, and in an order dated September 2, Judge Smalkin directed The Reefs to respond. On that same date, however, Dodwell moved to vacate the underlying default judgment, claiming that it was void. Dodwell's motion prompted Judge Smalkin to vacate his September 2 order pending disposition of Dodwell's motion to vacate the underlying default judgment. Judge Smalkin subsequently granted Dodwell's motion to vacate the default judgment and dismissed Koehler's complaint for lack of federal subject matter jurisdiction. This court reversed that vacatur in Koehler v. Dodwell, 152 F.3d 304 (4th Cir. 1998).

Following reversal of the vacatur, The Reefs filed a response in opposition to Koehler's motion for reconsideration, and Koehler replied. Judge Smalkin denied Koehler's motion for reconsideration, opining that dismissing the garnishment action without having received a response to the motion to dismiss from Koehler was not an abuse of discretion.

II.

Koehler first argues that Judge Smalkin abused his discretion in denying Koehler's request for an extension of time in which to respond to the motion to dismiss. We agree.

Federal Rule of Civil Procedure 6(b) governs enlargement of time periods prescribed by the Federal Rules of Civil Procedure or by court order. When a request for additional time is made before the expira-

5

tion of the period originally prescribed, a district court may enlarge the period "for cause shown." Fed. R. Civ. P. 6(b)(1). "[A]n application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165, at 475 (2d ed. 1987). As is true of all of the Federal Rules of Civil Procedure, Rule 6 is to "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. We review the denial of a Rule 6(b)(1) motion for abuse of discretion. See Buchanan v. Sherrill, 51 F.3d 227, 228 (10th Cir. 1995) (per curiam).

Here, Koehler clearly demonstrated cause for his requested extension. In his request, Koehler pointed out that The Reefs' claim that Koehler failed to conduct discovery in the period allowed was premature because the scope of the period allowed had not yet been finally determined. Allowing Koehler to obtain a ruling on his objections to Judge Klein's refusal to extend the time for discovery could have saved Koehler from having to respond to the motion to dismiss and saved the district court from having to rule on the motion. Moreover, granting Koehler's request could not have been expected to cause significant delay. Koehler's response to the motion to dismiss was due August 4, 1997, and his objections to Judge Klein's order denying the request for further time for discovery were due by August 8. Koehler requested only ten days from the ruling on his objections to Judge Klein's order in which to respond to the motion to dismiss. Indeed, The Reefs conceded at oral argument that it would have suffered no prejudice from such a delay. Considering that Koehler requested an extension before the original period prescribed for his response expired, that he clearly advanced cause for his request, and that granting the request would not have significantly delayed the action, we hold that the denial of Koehler's motion did not serve to "secure the just . . . determination" of this action and therefore constituted an abuse of discretion.

III.

Koehler next contends that the district court erred in dismissing the garnishment action. We agree. The Reefs advances three bases upon which it maintains that the dismissal was justified. We address them seriatim.

6

The Reefs first maintains that dismissal is supported by Maryland Rule of Civil Procedure 2-645(g), which states:

> If the garnishee files a timely answer, the matters set forth in the answer shall be treated as established for the purpose of the garnishment proceeding unless the judgment creditor files a reply contesting the answer within 30 days after its service. If a timely reply is not filed, the court may enter judgment upon request of the judgment creditor, the judgment debtor, or the garnishee.

Md. R. Civ. P. 2-645(g) (emphasis added). This rule plainly does not apply here because the document that The Reefs claims is its "answer" was not "timely." Maryland Rule 2-321 requires the filing of an answer within 30 days of service within Maryland. See id. 2-321(a). From the latest personal service in Baltimore on September 12, 1994, The Reefs waited almost two years to file what it characterizes as its answer.

The Reefs also maintains that the dismissal of this action was "equivalent to a F.R.C.P., Rule 56(c) motion for summary judgment and a F.R.C.P., Rule 12(c) judgment on the pleadings." Brief of Garnishee/Appellee at 19. The order of dismissal makes clear, however, that the dismissal was not based on any deficiency in the pleadings.[1] Nor can the dismissal be affirmed as a grant of summary judgment on the basis that Koehler has failed to create a genuine issue of material fact regarding whether The Reefs holds any assets that can be garnished, because the district court has never ruled on that question.[2]

_____

[1] As we have noted, the court relied upon the facts that Koehler failed to respond to The Reefs' motion to dismiss and failed to diligently pursue discovery.

[2] The Reefs argues that Koehler responded to the motion to dismiss in his motion for reconsideration of the subsequent dismissal. Nevertheless, Judge Smalkin's order denying Koehler's motion for reconsideration makes clear that the denial was not based on an evaluation of affidavits or evidence submitted by Koehler, but rather on Judge Smalkin's conclusion that dismissing the action without allowing Koehler to respond to the motion to dismiss was within his discretion.

7

The Reefs finally maintains that the dismissal was justified as a sanction for failure to complete discovery by July 11, 1997. See Fed. R. Civ. P. 41(b) (allowing involuntary dismissal for failure by the plaintiff to prosecute). We disagree. In deciding whether to dismiss a case for failure to prosecute, a court must consider four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Commissioner, 916 F.2d 171, 174 (4th Cir. 1990).

Here, the first factor arguably weighs in favor of dismissal in that Koehler might be held personally responsible for West's failure to pursue discovery because West was his law partner. [3] Review of the other factors demonstrates that dismissal as a sanction would have been unjustified, however. The Reefs was not prejudiced by Koehler's failure to take advantage of the time allotted to him for discovery, and there was no history of deliberate delay by Koehler.[4] Moreover, Judge Smalkin gave no indication that he considered the effectiveness of less drastic sanctions, such as an award of attorneys' fees, and we are aware of no reason why a less drastic sanction would not have been effective. Accordingly, dismissal of the action is not justifiable under Rule 41(b).

IV.

In sum, we conclude that Judge Smalkin erred in denying Koehler's request for an extension of time in which to respond to The

_____

[3] Koehler contends that West took over responsibility for discovery only on July 14, 1997, and that prior to that date another attorney was managing discovery. However, in his July 14 letter to Magistrate Judge Klein, West offers the demands of his practice over the preceding three months as the reason Koehler did not complete discovery in the allotted time.

[4] Koehler's failure to take advantage of the time allotted for discovery did not delay the proceedings because the time was allotted for discovery whether he used it or not and his motion for enlargement of the time for discovery was denied.

8

Reefs' motion to dismiss and in dismissing the action. Accordingly, we reverse and remand for further proceedings.

REVERSED AND REMANDED

9