<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1931**

UNITED STATES OF AMERICA ex rel. PETER C. CURNIN,

        Plaintiff - Appellant,

        v.

BALD HEAD ISLAND LIMITED, a Texas limited partnership; MARK
D. MITCHELL, general partner; MICHAEL K. MITCHELL, general
partner,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:03-cv-00174-F)

Submitted:  May 13, 2010        Decided:  June 4, 2010

Before KING, SHEDD, and DAVIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Francis X. Moore, FRANK X. MOORE & ASSOCIATES, Atlanta, Georgia,
for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peter C. Curnin appeals the district court's order dismissing with prejudice, for failure to prosecute, his action brought on behalf of the United States under the qui tam provisions of the civil False Claims Act, 31 U.S.C. §§ 3729-3733 (2006). This case was previously remanded to the district court. Finding that the district court abused its discretion on remand in dismissing Curnin's complaint with prejudice, we vacate the judgment and again remand for further proceedings.

A district court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Because dismissal is a severe sanction, the district court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). This Circuit therefore requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal."

2

<u>Hillig v. Comm'r of Internal Revenue</u>, 916 F.2d 171, 174 (4th Cir. 1990).

On remand, the district court applied the <u>Hillig</u> factors, as instructed. As the district court noted, Curnin's complaint was filed under seal October 7, 2003, in accordance with 31 U.S.C. § 3730(b)(2) (2006). However, the district court did not unseal the records and order Curnin to serve the complaint until February 29, 2008, and initially dismissed Curnin's complaint on August 5, 2008. Under 31 U.S.C. § 3730(b)(2):

> A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

31 U.S.C. § 3730(b)(2) (footnote omitted). If the government fails to intervene in a timely manner or fails to show good cause, then the court may unseal the file and allow the relator to prosecute the action. See <u>United States ex rel. Siller v. Becton Dickinson & Co.</u>, 21 F.3d 1339, 1344 (4th Cir. 1994).

By statute, then, Curnin was not permitted to serve the defendants with the complaint until February 29, 2008, when the district court so ordered. Because the district court's

3

reasoning dismissing the action with prejudice erroneously attributes to Curnin responsibility for the entirety of the delay in the case since 2003, when, in fact, Curnin was not permitted to serve the complaint from 2003 until February 2008, we find that the court abused its discretion in dismissing this case.[*]

We therefore vacate the district court's order dismissing Curnin's action with prejudice and remand this case to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*] Moreover, Curnin was not warned of the consequences of failing to request a summons and serve the complaint on the defendants or given the opportunity to respond prior to dismissal with prejudice.

4