**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-6339**

———————

DAVID OWEN FISHER,

                    Plaintiff - Appellant,

          v.

S.B. SNOWDEN, Raleigh, P.D.; ALVIN LEE HARTSFIELD, State's
Witness,

                    Defendants – Appellees.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:11-ct-03025-BO)

———————

Submitted:  July 11, 2011          Decided:  July 15, 2011

———————

Before SHEDD, DAVIS, and WYNN, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

David Owen Fisher, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Fisher appeals the district court's order dismissing his 42 U.S.C. § 1983 (2006) complaint for failure to prosecute. Fisher filed the action while incarcerated, and the district court issued an order on February 7, 2011, directing prison officials to deduct filing fees from Fisher's trust fund account. On February 22, 2011, the order was returned to the district court as undeliverable due to Fisher's release from prison on February 3, 2011. The district court dismissed his action for failure to prosecute on February 23, 2011, finding that Fisher had neither provided the court with a forwarding address nor contacted the court since his release.

On March 9, 2011, Fisher simultaneously filed in the district court a motion entitled "Request for a Certificate of Appealability," and a notice of appeal of the district court's dismissal.[*] Enclosed with Fisher's informal brief on appeal is a copy of a "Motion/Request to Clerk to Change Petitioner's Address," file-stamped by the district court on February 7, 2011. The motion, however, does not appear on the district court's docket.

_____

[*] As recognized by the district court, Fisher's notice of appeal divested the court of jurisdiction over his motion. See Dixon v. Edwards, 290 F.3d 669, 709 n.14 (4th Cir. 2002).

Fed. R. Civ. P. 41(B) permits dismissal of an action "[f]or failure of the plaintiff to prosecute." This court reviews for abuse of discretion a district court's dismissal for failure to prosecute. Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989). Prior to dismissing a case for failure to prosecute, a district court must consider the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Based on the current record, we cannot determine whether the district court abused its discretion in dismissing Fisher's complaint for failure to prosecute. Because Fisher's change of address notification appears to have been file-stamped, but not docketed, it is unclear whether Fisher was diligent in filing the notification in the district court.

Accordingly, we vacate the district court's order and remand with instructions for the district court to: (1) construe Fisher's Request for a Certificate of Appealability as a Fed. R. Civ. P. 59(e) motion to alter or amend; (2) determine whether Fisher timely filed a change of address notification; and (3) determine whether any such notification

3

satisfied Fisher's burden to prosecute.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED