**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 13-7271**

—————

RAYMOND V. BETHEL, JR.,

　　　　　　　　Plaintiff – Appellant,

　　　v.

DEPARTMENT OF STATE POLICE SEX OFFENDER REGISTRY,

　　　　　　　　Defendant - Appellee.

—————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.　Henry E. Hudson, District Judge.　(3:13-cv-00015-HEH)

—————

Submitted:　October 22, 2013　　Decided:　October 25, 2013

—————

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Raymond V. Bethel, Jr., Appellant Pro Se.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Bethel, Jr., appeals the district court's order dismissing without prejudice his 42 U.S.C. § 1983 (2006) action for failure to prosecute, after he failed to comply with a court order requiring him to return a consent to collection of fees form or to pay the statutory filing fee. We affirm.

A plaintiff's failure to comply with a court order may warrant involuntary dismissal of the action. Fed. R. Civ. P. 41(b). We review a dismissal under Rule 41(b) for abuse of discretion. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Our review of the record reveals no abuse of discretion in this case. Bethel was notified that failure to comply with the order would result in summary dismissal of his action. The record discloses no evidence to support Bethel's contention that he returned the consent form, notwithstanding his compliance with other requirements of the same order.[*]

Accordingly, we affirm the district court's judgment. We deny Bethel's motions for counsel and for a show cause order. We dispense with oral argument because the facts and legal

---

[*] We note that the district court's decision to dismiss the action without prejudice limited the severity of the sanction, as it may permit Bethel to refile his action and fully comply with the court's fee requirements. Cf. Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990) (addressing factors relevant when dismissing for failure to prosecute).

2

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED