WYNN, Circuit Judge,
dissenting in part:
I agree that the district court correctly denied the motion to remand and acted within its discretion in dismissing the case without prejudice as a sanction for Plaintiffs’ refusal to comply with the district court’s pretrial discovery procedures. Nonetheless, I cannot agree that the district court properly denied Plaintiffs’ Rule 59(e) motion to reconsider the dismissal and reinstate the case. By the date of their motion, Plaintiffs had remedied the discovery defect, which was the sole basis for dismissal. In denying Plaintiffs’ motion to reinstate the case, the district court observed that the applicable statute of limitations likely barred refiling of Plaintiffs’ action. Thus, the district court recognized that denial of the motion to reinstate the case effectually dismissed Plaintiffs’ action with prejudice.
“Mindful of the strong policy that cases be decided on the merits, and that dismissal without deciding the merits is the most extreme sanction,” imposed only “with restraint,” United States v. Shaffer Equip. Co., 11 F.3d 450, 462 (4th Cir.1993), I would reverse the district court’s denial of Plaintiffs’ motion to reinstate the action. Because I believe that dismissal is an unduly harsh sanction for a case in which there is no evidence of bad faith by Plaintiffs or prejudice to the opposing party, I respectfully dissent from Section V of the majority opinion.
I.
As the majority notes, Plaintiffs Dawn and Alfred Flores initiated this action in California after Mrs. Flores developed pelvic infections, hematuria, and necrosis following surgical implantation of a synthetic mesh device manufactured by Ethicon, Inc. [J.A. 27] Plaintiffs alleged that, like numerous women throughout the country, Mrs. Flores sustained “severe and debilitating injuries” caused by the synthetic mesh device.[1] J.A. 37. Plaintiffs’ case is one of thousands of similar actions pending against Ethicon in multi-district litigation assigned to the Southern District of West Virginia (the “multi-district litigation”).
Following removal to federal court and transfer of Plaintiffs’ action to the multi-district litigation, and while Plaintiffs’ motion to remand to state court remained pending, Ethicon moved to dismiss the case with prejudice under Federal Rule 37 of Civil Procedure for Plaintiffs’ failure to comply with the court’s pretrial order (“Order 17”) requiring all multi-district litigation plaintiffs to submit a five-page “Plaintiff Profile Form” by December 3, 2012. [J.A. 286-94] Ethicon argued that “[t]he information contained in a completed [Plaintiff Profile Form], as well as the medical records that a plaintiff must submit with the completed [Plaintiff Profile *273 Form]” were “essential to the defense of this action” and that Plaintiffs’ failure to submit a Plaintiff Profile Form warranted immediate dismissal of the case. J.A. 292. In response, Plaintiffs asserted that they had no objections to filing a Plaintiff Profile Form, but feared that engaging in discovery would be viewed by the court as an affirmative act waiving their right to remand. [J.A. 296]
Upon consideration of the motions, the district court denied Plaintiffs’ motion to remand [J.A. 356], but also found that “Ethicon has not provided sufficient support to dismiss this action with prejudice.” J.A. 371. The court therefore granted the motion to dismiss “to the extent Ethicon seeks dismissal of plaintiffs’ case” but denied the motion “insofar as Ethicon seeks such dismissal with prejudice.” J.A. 371. The court entered its order dismissing the case without prejudice on May 20, 2013.
Within hours of the court’s dismissal, Plaintiffs served Ethicon with a “Plaintiff Fact Sheet.” [J.A. 412] A Plaintiff Fact Sheet is a twenty-six-page discovery form setting forth and expanding upon the information and medical authorizations requested in the Plaintiff Profile Form. [J.A. 308-355 (sample Plaintiff Fact Sheet) ] Both forms were established under Order 17. In short, a Plaintiff Fact Sheet is simply a more detailed version of the Plaintiff Profile Form.[2] Under Order 17, only those plaintiffs selected to participate in the multi-district litigation discovery pool must file the more detailed Plaintiff Fact Sheet. [J.A. 281] Although they were not so selected, Plaintiffs explained that they served the Plaintiff Fact Sheet instead of the Plaintiff Profile Form to minimize any potential prejudice to Ethi-con. [J.A. 373 n. 1]
Having submitted the Plaintiff Fact Sheet, Plaintiffs moved, pursuant to Federal Rule 59(e) of Civil Procedure, for reconsideration of dismissal and reinstatement of the case. [J.A. 372] In their motion, filed May 29, 2013, Plaintiffs advised the district court that the applicable statute of limitations likely barred refiling and that unless the case was reinstated, “the [dismissal [o]rder may turn out to be exactly what the [c]ourt did not intend” — a dismissal with prejudice. J.A. 379. Plaintiffs argued that such a sanction was unwarranted and would result in manifest injustice, given the substantial injuries sustained by Mrs. Flores, the absence of any pattern of dilatory conduct by Plaintiffs, and the lack of prejudice to Ethicon.[3] In opposing Plaintiffs’ Rule 59(e) motion, Ethi-con confirmed that on the afternoon of May 20, 2013, it had received Plaintiffs’ *274 Plaintiff Fact Sheet, which, it acknowledged, was “a more extensive disclosure than the [Plaintiff Profile Form.]” Nonetheless, Ethicon asserted that Plaintiffs’ failure to submit the information by December 3, 2012, had “deprived the defendants any opportunity to consider [Plaintiffs’] case for the discovery pool.” J.A. 413. Ethicon articulated no other grounds for prejudice.
Despite its previous ruling dismissing the case without prejudice, the district court denied Plaintiffs’ motion for reconsideration and reinstatement on the grounds that Plaintiffs failed to show clear error of law or newly discovered evidence justifying reconsideration under Rule 59(e). [J.A. 431] As to manifest injustice, the district court stated that although it was “cognizant of the fact that the plaintiffs’ case might be barred by the applicable statute of limitations[,]” such was “the result of strategic decisions made by the plaintiffs’ counsel” in failing to submit a Plaintiff Profile Form before the case was dismissed. J.A. 438. The district court made no findings regarding bad faith by Plaintiffs or prejudice to Ethicon. Plaintiffs timely appealed.
II.
Rule 37 of the Federal Rules of Civil Procedure permits the district court to impose a variety of sanctions upon parties who fail to comply with a discovery order, including “dismissing the action or proceeding in whole or in part[.]” Fed.R.Civ.P. 37(b)(2)(A)(v). However, the power to dismiss a case “is appropriately exercised only with restraint.” Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir.1978). “ ‘Against the power to prevent delays must be weighed the sound public policy of deciding cases on their merits.’ ” Id. at 810 (quoting Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir.1974)). Thus, while a district court has discretion in fashioning a discovery sanction under Rule 37, this discretion is tempered when the sanction terminates the action without a decision on the merits. Reizakis, 490 F.2d at 1135; Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503 (4th Cir.1977) (stating that “[t]he power to impose sanctions under Rule 37(b) for failure, after court order in discovery proceedings to produce documents, is discretionary with the Trial Court. It is not, however, a discretion without bounds or limits but one to be exercised discreetly and never when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of [the noncomplying party].”) (quotation marks and footnotes omitted). This is because the court’s interest in judicial administration and enforcement of its orders conflicts with “the party’s rights to a trial by jury and a fair day in court.” Mutual Fed. Sav. & Loan Ass’n v. Richards & Assoc., 872 F.2d 88, 92 (4th Cir.1989) (reviewing sanction of default judgment imposed under Rule 37).
To balance these competing interests and determine whether dismissal under Rule 37 is an appropriate sanction, “a court must consider” the following four factors:
(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the noncompliance caused the adversary; (3) the need for deterring the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.
Hillig v. Comm’r of Internal Revenue, 916 F.2d 171, 174 (4th Cir.1990); cf. Davis v. Williams, 588 F.2d 69, 70 (4th Cir.1978) (applying substantially similar four-part test to sanction of dismissal with prejudice under Federal Rule 41(b) of Civil Procedure). We utilize the same four-part bal *275 ancing test to assess whether a sanction of default judgment under Rule 37 is appropriate. Mutual Fed. Sav. & Loan Ass’n, 872 F.2d at 92. This balancing test “[i]n-sure[s] that only the most flagrant case, where the party’s noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default.” Id.; accord Hillig, 916 F.2d at 174-75 (stating that the “harsh sanction” of dismissal under Rule 37 “is reserved for only the most flagrant case, where the party’s noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules”) (quotation marks omitted); cf. Projects Mgmt. Co. v. Dyncorp Int’l LLC, 734 F.3d 366, 373 (4th Cir.2013) (cautioning that, although courts possess the inherent power to dismiss a case, orders of dismissal “must be entered with the greatest caution” and are “appropriate when a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or otherwise undermines the integrity of the process”) (quotation marks omitted).
A party seeking relief from dismissal may move the court to alter or amend its judgment under Federal Rule 59(e) of Civil Procedure. Rule 59(e) “permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.” Pac. Ins. Co. v. Am. Nat’l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998) (quotation marks omitted). The district court may grant a Rule 59(e) motion to prevent manifest injustice. See EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir.1993). We review the district court’s denial of a Rule 59(e) motion for abuse of discretion. See Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc., 576 F.3d 172, 192-96 (4th Cir.2009) (holding that the district court abused its discretion in denying the plaintiffs’ Rule 59(e) motion seeking to alter the judgment of dismissal with prejudice and allow an amended complaint). Generally speaking, failure by the district court to actually exercise its discretion by considering and balancing relevant factors amounts to an abuse of discretion. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir.1993).
III.
In this case, the district court’s denial of Plaintiffs’ motion for reconsideration and reinstatement is flawed on several fronts. First, the district court failed to undertake the multi-factor balancing test before effectually dismissing Plaintiffs’ action with prejudice. In denying reinstatement of the case, the court recognized that the applicable statute of limitations likely barred refiling the action. See Dove, 569 F.2d at 810 n. 3 (assuming the prejudicial effect of a dismissal without prejudice handed down after the statute of limitations had run). Thus, the district court acknowledged that denial of reinstatement would likely end the case and thus ultimately preclude Plaintiffs from exercising their “rights to a trial by jury and a fair day in court.” Mutual Fed. Sav. & Loan Ass’n, 872 F.2d at 92. Denial of reinstatement effectively transformed the district court’s earlier order of dismissal without prejudice into a dismissal with prejudice. See Dove, 569 F.2d at 809-10 (construing dismissal without prejudice as dismissal with prejudice where the plaintiff could not refile the action due to statute of limitations). And, of course, had the district court dismissed the case with prejudice in the first instance, it would have been required to perform the four-part balancing test at that time. Hillig, 916 F.2d at 174 (stating that “[a] court must consider ... *276 four factors before dismissing a case” under Rule 37).
Despite recognizing the finality of its order denying reconsideration of dismissal, the court made no attempt to justify the severity of the sanction imposed. The district court made no findings indicating bad faith by Plaintiffs, prejudice to Ethicon, the need for deterrence, or the ineffectiveness of less drastic sanctions. See Wilson, 561 F.2d at 516 (faulting district court for failing to make appropriate findings on “critical issues which the District Court was required to address in determining whether to grant default judgment” as a Rule 37 sanction). In short, the district court failed to support its decision with any findings demonstrating “flagrant” and “callous disregard” for the authority of the court necessitating the “harsh” sanction of dismissal. Hillig, 916 F.2d at 174-75.
Nor does the record reflect such “callous disregard.” Although Plaintiffs’ concern that engaging in discovery would jeopardize their motion to remand may have been misguided, their behavior does not demonstrate a “pattern of indifference and disrespect to the authority of the court,” Mutual Fed. Sav. & Loan Ass’n, 872 F.2d at 93, rising to the level of bad faith. See Hillig, 916 F.2d at 174-175 (vacating order of dismissal where there was no evidence of bad faith and the circumstances of the case did “not merit the harsh sanction of dismissal for failure to comply with a discovery order”); Dove, 569 F.2d at 810 (reversing order of dismissal as abuse of discretion where the record “disclose[d] a number of minor defaults” but “nothing which [could] be construed as evidence of deliberate delay on the part of Dove or his attorneys”); cf. Wilson, 561 F.2d at 503-12 (holding that the evidence was insufficient to establish a pattern of misconduct to justify sanction of default, although the district court had issued two orders compelling discovery and extended the discovery deadline, and notwithstanding that the plaintiffs had only received incomplete responses to their interrogatories and requests for documents).
Moreover, any prejudice arising from Plaintiffs’ initial failure to serve the Plaintiff Profile Form is minimal. Ethicon suggested in its motion to dismiss that prejudice arose because it had been “deprived ... any opportunity to consider [Plaintiffs’] case for the discovery pool.” J.A. 413. This argument is inapposite, however, because Plaintiffs submitted the Plaintiff Fact Sheet, which is the very document that would have been required had they been selected to participate in the discovery pool. In other words, since the day of the dismissal, Ethicon has possessed all of the information it would have had if Plaintiffs had timely filed their Plaintiff Profile Form and had then been selected to participate in the discovery pool. Ethicon advanced no other grounds for prejudice, and none is apparent from the record.
The district court’s refusal to reinstate the case is particularly baffling given its previous decision denying Ethicon’s Rule 37 motion to dismiss the case with prejudice. The district court explicitly rejected Ethicon’s argument in support of dismissal with prejudice, concluding that Ethicon had “not provided sufficient support to dismiss this action with prejudice.” J.A. 371. The court nevertheless found some merit to Ethicon’s position and agreed to dismiss the case without prejudice as a sanction for Plaintiffs’ failure to file the Plaintiff Profile Form. Immediately following the court’s dismissal, Plaintiffs fully complied with their discovery obligations by serving the Plaintiff Fact Sheet, which contained all of the information required under Order 17. Yet when Plaintiffs requested reinstatement of the case — having *277 cured the single defect that prompted dismissal — the district court refused.
Why would the district court, having determined that there was insufficient evidence to dismiss the case with prejudice at a time when Plaintiffs’ discovery remained outstanding, refuse to reinstate the case once the discovery had been served? What did the district court mean when it dismissed the case without prejudice? Without prejudice to what, if not reinstatement? Nothing in the record suggests a satisfactory answer to these questions. Nothing occurred between the dismissal without prejudice and the order denying reinstatement to explain the district court’s abrupt change of heart.
These unanswered questions are especially concerning in light of the district court’s suggestion that central blame for the dismissal lay with “strategic decisions made by the plaintiffs’ counsel.” J.A. 438. We have long recognized that, in granting judgment against a party based on the failings of counsel, the court should first carefully consider the availability of less severe sanctions. See, e.g., Hillig, 916 F.2d at 174 (“A dismissal sanction is usually inappropriate when it unjustly penalizes a blameless client for the attorney’s behavior.”); Reizakis, 490 F.2d at 1135 (“Rightfully, courts are reluctant to punish a client for the behavior of his lawyer.”). Here, there is no evidence the district court considered lesser sanctions.
In sum, the district court ended Plaintiffs’ case without engaging in the balancing test we have, for years, required to ensure that the “harsh sanction of dismissal” is “reserved for only the most flagrant case” evincing “bad faith and callous disregard for the authority of the district eourt[.]” Hillig, 916 F.2d at 174-75 (quotation marks omitted). The district court’s refusal to reinstate the case results in manifest injustice to Plaintiffs, who have been denied their day in court -without the requisite showing of bad faith or prejudice. Because nothing in this case indicates that Plaintiffs “deceive[d] [the] court or abuse[d] the process at a level ... utterly inconsistent with the orderly administration of justice” or otherwise “undermine[d] the integrity of the [judicial] process,” Projects Mgmt., 734 F.3d at 373, I would hold that the district court abused its discretion in denying Plaintiffs’ motion for reconsideration and reinstatement. Accordingly, I respectfully dissent.

. Plaintiffs further alleged that the United States Food and Drug Administration has received "thousands of reports from numerous manufacturers ... regarding the severe health complications related to the use of transvaginal placement of surgical mesh.” J.A. 31. According to Plaintiffs, health problems associated with the use of synthetic tran-svaginal mesh include infections, urinary problems, recurrence of pelvic organ prolapse, incontinence, and erosion of the mesh following surgery. Complications include bleeding, infection, discharge, pain, backaches, bowel movement difficulties, bladder outlet obstruction, and vaginal scarring and shortening. [J.A. 31]

. Notably, the majority opinion omits Plaintiffs’ filing of the Plaintiff Fact Sheet from its recitation of the facts, and only later identifies the Plaintiff Fact Sheet in a footnote as "a different noncompliant document[.]” Ante at 271, n. 9. However, the district court never found that filing the Plaintiff Fact Sheet did not fulfill Plaintiffs’ discovery obligations under Order 17, or that the Plaintiff Fact Sheet was deficient or otherwise "noncompliant.” To the contrary, both Ethicon and the district court acknowledged that the Plaintiff Fact Sheet is a more in-depth discovery document than a Plaintiff Profile Form. [J.A. 413, 432 n. 2] Simple comparison of the two documents indisputably shows that the Plaintiff Fact Sheet contains all of the information required by a Plaintiff Profile Form. It would, therefore, be inaccurate to suggest that Plaintiffs failed to submit the information that Order 17 required.

. The majority opinion states that Plaintiffs failed to raise the issue of substantial prejudice to Ethicon in their motion for reconsideration. Ante at 270-71, n. 8. But Plaintiffs explicitly argued that dismissal of the case would result in manifest injustice because, among other reasons, "there has been absolutely no showing of prejudice incurred by [Ethicon].” J.A. 380.