**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-1889**

———————

DAWN FLORES; ALFRED E. FLORES,

        Plaintiffs – Appellants,

    v.

ETHICON, INC.; JOHNSON & JOHNSON; STEVEN A. SCHEUER, M.D.;
GREATER LONG BEACH GENITO-URINARY MEDICAL GROUP, INC.; ST.
MARY MEDICAL CENTER; DIGNITY HEALTH; DOES 1-100, Inclusive,

        Defendants – Appellees.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston. Joseph R. Goodwin,
District Judge. (2:12-cv-01804)

———————

Argued: January 29, 2014       Decided: March 28, 2014

———————

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished opinion. Judge Duncan wrote the
opinion, in which Judge Keenan concurred. Judge Wynn wrote a
separate opinion dissenting in part.

———————

**ARGUED:** Daniel Mitchell Graham, DANIEL M. GRAHAM, APC, Torrance,
California, for Appellants. Philip Combs, THOMAS COMBS & SPANN,
PLLC, Charleston, West Virginia, for Appellees. **ON BRIEF:**
Gerald P. Peters, LAW OFFICE OF GERALD PHILIP PETERS, Thousand
Oaks, California, for Appellants. David B. Thomas, Daniel R.
Higginbotham, THOMAS COMBS & SPANN, PLLC, Charleston, West
Virginia; Susanna M. Moldoveanu, BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC, Memphis, Tennessee; Christy D. Jones, John C.

Henegan, BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC, Ridgeland, Mississippi, for Appellees Ethicon, Incorporated and Johnson & Johnson. David P. Pruett, CARROLL, KELLY, TROTTER, FRANZEN & MCKENNA, Long Beach, California, for Appellee Dignity Health.

---

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

Appellant Dawn Flores[1] appeals from the district court's denial of her motion to remand to California state court, dismissal of her action without prejudice, and denial of her motion to reconsider the dismissal and reinstate the action. Flores contends that the district court lacked subject matter jurisdiction because her complaint alleged a viable cause of action against non-diverse defendants and that it abused its discretion by dismissing her case for failure to comply with a scheduling order. For the reasons that follow we affirm.

I.

On December 29, 2003, Flores underwent surgery at St. Mary Medical Center in Long Beach, California to implant in her pelvic cavity a transvaginal mesh sling produced and distributed by Ethicon, Inc. and Johnson & Johnson ("J&J"). The mesh device was implanted by Dr. Steven A. Scheuer, a member of Greater Long Beach Genito-Urinary Medical Group, Inc. ("GLBG"), to treat Flores's stress urinary incontinence. During the life of the implant, which was removed on July 21, 2011, Flores developed pelvic infections, hematuria, and necrosis which she alleges

---

[1] Dawn Flores's husband, Alfred Flores, is also an appellant but because all of his claims are derivative of hers, for convenience we refer to only Mrs. Flores throughout.

resulted from the erosion of the mesh into adjacent pelvic organs.

On March 14, 2012, Flores initiated this action in the Superior Court of Los Angeles County, California against Ethicon and J&J, New Jersey corporations, and Scheuer, GLBG, and Dignity Health d/b/a St. Mary Medical Center, California residents and entities.[2] Flores's complaint raises claims of negligence, strict products liability, breach of warranty, and loss of consortium. On May 10, 2012, Ethicon and J&J removed the action to the Central District of California contending that the California defendants were fraudulently joined and that the district court therefore possessed subject-matter jurisdiction to hear the case. Flores filed a timely motion to remand on May 24, 2012.

On May 30, 2012, the Judicial Panel on Multi-District Litigation transferred Flores's action to the Southern District of West Virginia and consolidated it with thousands of similar cases against Ethicon (the "MDL"). Flores's motion to remand remained pending before the district court. On October 4, 2012, the district court entered Pretrial Order 17, requiring all MDL plaintiffs to submit an abbreviated Plaintiff Profile Form

---

[2] Flores also names "Does 1-100" but the citizenship of fictitious parties is not relevant for purposes of determining diversity jurisdiction. 28 U.S.C. § 1441(b).

4

("PPF") containing preliminary interrogatory responses, including medical information, by December 3, 2012. Order 17, whose terms were agreed upon by lead counsel for the MDL plaintiffs and defense counsel, provides that "[i]f a plaintiff does not submit a PPF within the time specified in this Order, defendants may move immediately to dismiss that plaintiff's case without first resorting to [this Order's] deficiency cure procedures." J.A. 281.

Flores did not submit a timely PPF. On December 28, 2012, Ethicon moved to dismiss Flores's case with prejudice for failure to comply with Order 17. Flores contended in opposition that she was reasonably concerned that filing the PPF would waive her right to remand. On April 10, 2013, the district court denied Flores' motion to remand, holding that the California defendants were fraudulently joined because there was no possibility that Flores could prevail against them in state court on any cause of action raised in her complaint. On May 20, 2013, the district court granted Ethicon's motion in part, dismissing Flores's case without prejudice for her ongoing failure to submit a PPF. Flores filed a motion to reconsider the dismissal and reinstate her action which the district court

denied on June 18, 2013. At the time of the parties' oral argument on appeal, Flores had never submitted a PPF.[3]

## II.

We review "questions of subject matter jurisdiction de novo, 'including those relating to the propriety of removal.'" Md. Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255, 260 (4th Cir. 2005) (quoting Mayes v. Rapoport, 198 F.3d 457, 460 (4th Cir. 1999)). The party seeking removal bears the burden of establishing jurisdiction and we construe removal jurisdiction strictly. Id. "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

We review for abuse of discretion the imposition of sanctions for violation of a scheduling or discovery order. See

---

[3] Prior to filing her appeal in this action, Flores initiated a second action raising the same claims against the same defendants in California Superior Court. We raised the question of whether this later action rendered the appeal before us moot. The parties agree, and we now hold, that Flores's appeal is not mooted by her pending state court action because she has a continuing cognizable interest in the outcome of the appeal. Specifically, if we affirm the dismissal of Flores's first case, the statute of limitations may not be tolled in relation to her later filed case, see Wood v. Elling Corp., 572 F.2d 755, 758 (Cal. 1977), and she would then be susceptible to a statute of limitations defense. We are persuaded by the First Circuit's rule that a cognizable interest in the earlier filed case persists in such circumstances. See Patriot Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208, 215-16 (1st Cir. 1987).

6

Fed. R. Civ. P. 16(f); Rabb v. Amatex Corp., 769 F.2d 996, 999-1000 (4th Cir. 1985). We review the denial of a Rule 59(e) motion for abuse of discretion. Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 407 (4th Cir. 2010). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." United States v. Delfino, 510 F.3d 468, 470 (4th Cir. 2007).

## III.

The district court denied remand on the ground that the California defendants, Scheuer, GLBG, and St. Mary Medical Center, were fraudulently joined because there was no possibility that Flores could prevail on any of her claims against them in state court. On appeal Flores contends only that she alleged a cognizable claim against the California defendants for negligent failure to warn.

Under the fraudulent joinder doctrine, a district court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Mayes, 198 F.3d at 461. To establish that a defendant has been fraudulently joined, "the removing party must

7

establish either: [t]hat there is <u>no possibility</u> that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." <u>Marshall v. Manville Sales Corp.</u>, 6 F.3d 229, 232 (4th Cir. 1993) (internal quotation marks omitted).

The burden of showing no possibility of relief is heavy. The removing party "must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." <u>Id.</u> at 232-33. The standard is "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." <u>Hartley v. CSX Transport, Inc.</u>, 187 F.3d 422, 424 (4th Cir. 1999). In fact, "'there need be only a slight possibility of a right to relief' to defeat a claim of fraudulent joinder." <u>Mayes</u>, 198 F.3d at 464 (quoting <u>Hartley</u>, 187 F.3d at 426).

Contrary to Flores's contention, we are only permitted, not required, to look beyond the complaint to determine the propriety of removal. <u>Hartley</u>, 187 F.3d at 426 ("[T]he court is not bound by the allegations of the pleadings, but <u>may</u> instead consider the entire record, and determine the basis of joinder by any means available." (emphasis added)). While the vast majority of decisions in this Circuit review the entire record,

8

and as a consequence, fraudulent joinder is typically only found in cases of legal impossibility, that analysis produces the exact result that the doctrine intends to prevent in a case such as this. Where a complaint is so inadequate and the record so entirely lacking in factual support that we can only reasonably conclude that the non-diverse defendants were added to defeat jurisdiction, analysis of the entire record works an injustice on the removing party.

The extent of Flores's allegations against the California defendants is an assertion that all of the defendants, diverse and non-diverse, "were negligent in failing to use reasonable care in designing, manufacturing, marketing, labeling, packaging, supplying and selling the Product." J.A. 32. The complaint contains no allegations of specific actions by the California defendants that fell below a standard of reasonable care. The only theory of liability that Flores maintains on appeal, negligent failure to warn, is not alleged in the complaint and was never argued before the district court. Flores' only reason for raising it now is the district court's creation and rejection of that argument in its order denying remand. It is unsurprising then that the complaint fails to allege two necessary elements of that theory, that the California defendants knew or should have known of the dangers of the mesh implant and that consequently their failure to warn

9

Flores was unreasonable, in even a conclusory manner.  See Carlin v. Superior Court, 920 P.2d 1347, 1351-52 (Cal. 1996). Moreover, there are no factual allegations in the complaint which would allow a court to reasonably infer such knowledge and no factual basis in the record for Flores to make such allegations, a fact which she admits repeatedly.  Appellants' Br. 25[4], 28[5].

Contrary to Flores's assertion, California is a fact pleading state.  A complaint must "state[] facts sufficient to constitute a cause of action" when it is given "a reasonable interpretation, reading it as a whole and its parts in their context."  City of Dinuba v. County of Tulare, 161 P.3d 1168, 1171 (Cal. 2007).  Unlike in a notice pleading state, when assessing the sufficiency of the complaint, California courts assume the truth of "all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law."  Id.  As articulated above, Flores has not alleged any

---

[4] "Were the California defendants among the health care providers who reported the risks associated with the implanted mesh?  Were they aware of other health care providers who reported the risks?  We simply do not know at this point in the litigation."

[5] "At this point, since there has been no discovery, it is not known what the California residents knew at the time of implantation."; "Similarly, it is not now known whether the California resident defendants, at some point after implantation, learned of the risks associated with implanted transvaginal mesh.".

facts, or for that matter any sufficient conclusions of law, that would allow a court to reasonably infer negligence of any kind on the part of the California defendants.[6] Therefore on the complaint as pled, even when all facts and reasonable inferences are viewed in the light most favorable to Flores, there is no possibility that she could prevail in state court against the California defendants on her claim of negligent failure to warn. Because negligent failure to warn is the only cause of action before us on appeal, the district court's denial of Flores's motion to remand is affirmed.

IV.

Flores also appeals the district court's dismissal of her case without prejudice in accordance with Case Management Order 17.[7] Flores does not contend that the district court's decision was inconsistent with Order 17 or that she ever complied with

---

[6] Flores also argues that she should have been allowed to amend her complaint to allege the necessary facts. Flores has admitted that she does not possess such facts, and in any case she has waived this argument by raising it for the first time on appeal. See United States v. Evans, 404 F.3d 227, 236 n.5 (4th Cir. 2005).

[7] To the extent that there is a question regarding our jurisdiction to consider this dismissal on appeal, the general rule in this Circuit is that dismissal of an action without prejudice is final and appealable while dismissal of a complaint without prejudice is not because a saving amendment is usually possible. See, e.g., Domino Sugar Corp. v. Sugar Workers Local Union, 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993). The district court's order explicitly dismissed Flores's case as a whole.

the Order by filing a PPF. She argues that she was substantially justified in not complying with Order 17.[8] This argument is meritless.

Flores contends that she did not comply with the Order because she was reasonably concerned that doing so would constitute an affirmative act that would deprive her of her right to remand. Her argument appears to conflate the doctrines of subject-matter and personal jurisdiction. Flores did not challenge the district court's exercise of personal jurisdiction. Her motion for remand rested entirely on an assertion that the non-diverse defendants were properly joined and that the district court therefore lacked subject-matter jurisdiction. It is a central premise of American jurisprudence that federal courts are courts of limited jurisdiction and that

---

[8] Flores also argues on appeal that the district court's dismissal was an abuse of discretion because 1) Order 17 violates due process and the Federal Rules of Civil Procedure, 2) dismissal violates Federal Rule of Civil Procedure 11 and Multi-District Litigation Manual Rule 10.15, 3) the court impermissibly failed to warn Flores or impose lesser sanctions prior to dismissal, and 4) Ethicon did not demonstrate substantial prejudice as a result of Flores's failure to comply with Order 17. Flores had the opportunity to raise these arguments in both her response to Ethicon's motion to dismiss and in her motion for reconsideration but she failed to do so and they are therefore waived. Evans, 404 F.3d at 236 n.5. Flores arguably raised the lack of substantial prejudice to Ethicon in her Rule 59(e) reply, but arguments raised for the first time in Rule 59 motions are also generally considered waived. Holland v. Big River Minerals Corp., 181 F.3d 597, 605 (4th Cir. 1999).

12

"'[n]o action of the parties can confer subject-matter jurisdiction upon a federal court.'" Orquera v. Ashcroft, 357 F.3d 413, 416 (4th Cir. 2003) (quoting Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).  Because any reasonable diligence on Flores's part would have revealed that her concern was unfounded, her refusal to comply with Order 17 was willful and unreasonable.  Moreover, the district court did not rule on Ethicon's motion to dismiss until 40 days after it denied Flores's motion to remand. Therefore, even if her jurisdictional concern had originally had merit she was given ample time to come into compliance with the district court's Order after that concern was removed.

The district court did not abuse its discretion by dismissing Flores's case in accordance with the procedures of Order 17 as a result of her unjustified refusal to comply,[9] and its dismissal without prejudice is therefore affirmed.

---

[9] Flores argued in her Rule 59(e) motion that although she failed to submit a PPF, her submission of a different noncompliant document after the entry of the dismissal without prejudice satisfied the underlying informational needs of the defendants.  Her claim that the dismissal was therefore an abuse of discretion is unavailing.  The requirements of, and penalties associated with, Order 17 are plain, and Flores had numerous opportunities to file a PPF to cure the defect.  The district court was under no obligation to accept any submission in place of a timely-filed PPF, and its decision to enforce Order 17 in light of Flores's willful refusal to comply was well within its discretion.

V.

Finally, Flores appeals the district court's denial of her motion for reconsideration of its dismissal.[10] Flores makes only unsupported, conclusory assertions that she satisfied the requirements of Federal Rule of Civil Procedure 59(e) by presenting new evidence after dismissal and by alleging that dismissal would result in manifest injustice.[11] The district court's denial of her motion is therefore affirmed.

VI.

For the foregoing reasons, the district court's denial of Flores's motion to remand, dismissal of her case without prejudice, and denial of her motion for reconsideration and reinstatement are

AFFIRMED.

---

[10] Flores contends on appeal that she satisfied the requirements for relief under both Rule 29 and Rule 59. However, Flores did not move the district court for relief under Rule 29 so that argument is waived. Evans, 404 F.3d at 236 n.5.

[11] A Rule 59(e) motion "may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. NASCAR, 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkland v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)).

14

WYNN, Circuit Judge, dissenting in part:

I agree that the district court correctly denied the motion to remand and acted within its discretion in dismissing the case without prejudice as a sanction for Plaintiffs' refusal to comply with the district court's pretrial discovery procedures. Nonetheless, I cannot agree that the district court properly denied Plaintiffs' Rule 59(e) motion to reconsider the dismissal and reinstate the case. By the date of their motion, Plaintiffs had remedied the discovery defect, which was the sole basis for dismissal. In denying Plaintiffs' motion to reinstate the case, the district court observed that the applicable statute of limitations likely barred refiling of Plaintiffs' action. Thus, the district court recognized that denial of the motion to reinstate the case effectually dismissed Plaintiffs' action with prejudice.

"Mindful of the strong policy that cases be decided on the merits, and that dismissal without deciding the merits is the most extreme sanction," imposed only "with restraint," United States v. Shaffer Equip. Co., 11 F.3d 450, 462 (4th Cir. 1993), I would reverse the district court's denial of Plaintiffs' motion to reinstate the action. Because I believe that dismissal is an unduly harsh sanction for a case in which there is no evidence of bad faith by Plaintiffs or prejudice to the

15

opposing party, I respectfully dissent from Section V of the majority opinion.

                                    I.

As the majority notes, Plaintiffs Dawn and Alfred Flores initiated this action in California after Mrs. Flores developed pelvic infections, hematuria, and necrosis following surgical implantation of a synthetic mesh device manufactured by Ethicon, Inc. [J.A. 27] Plaintiffs alleged that, like numerous women throughout the country, Mrs. Flores sustained "severe and debilitating injuries" caused by the synthetic mesh device.[1] J.A. 37. Plaintiffs' case is one of thousands of similar actions pending against Ethicon in multi-district litigation assigned to the Southern District of West Virginia (the "multi-district litigation").

Following removal to federal court and transfer of Plaintiffs' action to the multi-district litigation, and while

---

[1] Plaintiffs further alleged that the United States Food and Drug Administration has received "thousands of reports from numerous manufacturers . . . regarding the severe health complications related to the use of transvaginal placement of surgical mesh." J.A. 31. According to Plaintiffs, health problems associated with the use of synthetic transvaginal mesh include infections, urinary problems, recurrence of pelvic organ prolapse, incontinence, and erosion of the mesh following surgery. Complications include bleeding, infection, discharge, pain, backaches, bowel movement difficulties, bladder outlet obstruction, and vaginal scarring and shortening. [J.A. 31]

16

Plaintiffs' motion to remand to state court remained pending, Ethicon moved to dismiss the case with prejudice under Federal Rule 37 of Civil Procedure for Plaintiffs' failure to comply with the court's pretrial order ("Order 17") requiring all multi-district litigation plaintiffs to submit a five-page "Plaintiff Profile Form" by December 3, 2012. [J.A. 286-94] Ethicon argued that "[t]he information contained in a completed [Plaintiff Profile Form], as well as the medical records that a plaintiff must submit with the completed [Plaintiff Profile Form]" were "essential to the defense of this action" and that Plaintiffs' failure to submit a Plaintiff Profile Form warranted immediate dismissal of the case. J.A. 292. In response, Plaintiffs asserted that they had no objections to filing a Plaintiff Profile Form, but feared that engaging in discovery would be viewed by the court as an affirmative act waiving their right to remand. [J.A. 296]

Upon consideration of the motions, the district court denied Plaintiffs' motion to remand [J.A. 356], but also found that "Ethicon has not provided sufficient support to dismiss this action with prejudice." J.A. 371. The court therefore granted the motion to dismiss "to the extent Ethicon seeks dismissal of plaintiffs' case" but denied the motion "insofar as Ethicon seeks such dismissal with prejudice." J.A. 371. The

17

court entered its order dismissing the case without prejudice on May 20, 2013.

Within hours of the court's dismissal, Plaintiffs served Ethicon with a "Plaintiff Fact Sheet." [J.A. 412] A Plaintiff Fact Sheet is a twenty-six-page discovery form setting forth and expanding upon the information and medical authorizations requested in the Plaintiff Profile Form. [J.A. 308-355 (sample Plaintiff Fact Sheet)] Both forms were established under Order 17. In short, a Plaintiff Fact Sheet is simply a more detailed version of the Plaintiff Profile Form.[2] Under Order 17, only those plaintiffs selected to participate in the multi-district litigation discovery pool must file the more detailed Plaintiff Fact Sheet. [J.A. 281] Although they were not so selected, Plaintiffs explained that they served the Plaintiff Fact Sheet

---

[2] Notably, the majority opinion omits Plaintiffs' filing of the Plaintiff Fact Sheet from its recitation of the facts, and only later identifies the Plaintiff Fact Sheet in a footnote as "a different noncompliant document[.]" Ante at 13, n.9. However, the district court never found that filing the Plaintiff Fact Sheet did not fulfill Plaintiffs' discovery obligations under Order 17, or that the Plaintiff Fact Sheet was deficient or otherwise "noncompliant." To the contrary, both Ethicon and the district court acknowledged that the Plaintiff Fact Sheet is a more in-depth discovery document than a Plaintiff Profile Form. [J.A. 413, 432 n.2] Simple comparison of the two documents indisputably shows that the Plaintiff Fact Sheet contains all of the information required by a Plaintiff Profile Form. It would, therefore, be inaccurate to suggest that Plaintiffs failed to submit the information that Order 17 required.

instead of the Plaintiff Profile Form to minimize any potential prejudice to Ethicon.  [J.A. 373 n.1]

Having submitted the Plaintiff Fact Sheet, Plaintiffs moved, pursuant to Federal Rule 59(e) of Civil Procedure, for reconsideration of dismissal and reinstatement of the case. [J.A. 372]  In their motion, filed May 29, 2013, Plaintiffs advised the district court that the applicable statute of limitations likely barred refiling and that unless the case was reinstated, "the [d]ismissal [o]rder may turn out to be exactly what the [c]ourt did _not_ intend"—a dismissal with prejudice. J.A. 379.  Plaintiffs argued that such a sanction was unwarranted and would result in manifest injustice, given the substantial injuries sustained by Mrs. Flores, the absence of any pattern of dilatory conduct by Plaintiffs, and the lack of prejudice to Ethicon.[3]  In opposing Plaintiffs' Rule 59(e) motion, Ethicon confirmed that on the afternoon of May 20, 2013, it had received Plaintiffs' Plaintiff Fact Sheet, which, it acknowledged, was "a more extensive disclosure than the [Plaintiff Profile Form.]"  Nonetheless, Ethicon asserted that

---

[3]  The majority opinion states that Plaintiffs failed to raise the issue of substantial prejudice to Ethicon in their motion for reconsideration.  Ante at 12, n.8.  But Plaintiffs explicitly argued that dismissal of the case would result in manifest injustice because, among other reasons, "there has been absolutely no showing of prejudice incurred by [Ethicon]."  J.A. 380.

Plaintiffs' failure to submit the information by December 3, 2012, had "deprived the defendants any opportunity to consider [Plaintiffs'] case for the discovery pool." J.A. 413. Ethicon articulated no other grounds for prejudice.

Despite its previous ruling dismissing the case without prejudice, the district court denied Plaintiffs' motion for reconsideration and reinstatement on the grounds that Plaintiffs failed to show clear error of law or newly discovered evidence justifying reconsideration under Rule 59(e). [J.A. 431] As to manifest injustice, the district court stated that although it was "cognizant of the fact that the plaintiffs' case might be barred by the applicable statute of limitations[,]" such was "the result of strategic decisions made by the plaintiffs' counsel" in failing to submit a Plaintiff Profile Form before the case was dismissed. J.A. 438. The district court made no findings regarding bad faith by Plaintiffs or prejudice to Ethicon. Plaintiffs timely appealed.


II.

Rule 37 of the Federal Rules of Civil Procedure permits the district court to impose a variety of sanctions upon parties who fail to comply with a discovery order, including "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v). However, the power to dismiss a case "is

20

appropriately exercised only with restraint." Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). "'Against the power to prevent delays must be weighed the sound public policy of deciding cases on their merits.'" Id. at 810 (quoting Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974)). Thus, while a district court has discretion in fashioning a discovery sanction under Rule 37, this discretion is tempered when the sanction terminates the action without a decision on the merits. Reizakis, 490 F.2d at 1135; Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503 (4th Cir. 1977) (stating that "[t]he power to impose sanctions under Rule 37(b) for failure, after court order in discovery proceedings to produce documents, is discretionary with the Trial Court. It is not, however, a discretion without bounds or limits but one to be exercised discreetly and never when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of [the non-complying party].") (quotation marks and footnotes omitted). This is because the court's interest in judicial administration and enforcement of its orders conflicts with "the party's rights to a trial by jury and a fair day in court." Mutual Fed. Sav. & Loan Ass'n v. Richards & Assoc., 872 F.2d 88, 92 (4th Cir. 1989) (reviewing sanction of default judgment imposed under Rule 37).

21

To balance these competing interests and determine whether dismissal under Rule 37 is an appropriate sanction, "a court must consider" the following four factors:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the noncompliance caused the adversary; (3) the need for deterring the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990); cf. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (applying substantially similar four-part test to sanction of dismissal with prejudice under Federal Rule 41(b) of Civil Procedure). We utilize the same four-part balancing test to assess whether a sanction of default judgment under Rule 37 is appropriate. Mutual Fed. Sav. & Loan Ass'n, 872 F.2d at 92. This balancing test "[i]nsure[s] that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." Id.; accord Hillig, 916 F.2d at 174-75 (stating that the "harsh sanction" of dismissal under Rule 37 "is reserved for only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules") (quotation marks omitted); cf. Projects Mgmt. Co. v. Dyncorp Int'l LLC, 734 F.3d 366, 373 (4th Cir. 2013) (cautioning that, although courts

22

possess the inherent power to dismiss a case, orders of dismissal "must be entered with the greatest caution" and are "appropriate when a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or otherwise undermines the integrity of the process") (quotation marks omitted).

A party seeking relief from dismissal may move the court to alter or amend its judgment under Federal Rule 59(e) of Civil Procedure. Rule 59(e) "permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quotation marks omitted). The district court may grant a Rule 59(e) motion to prevent manifest injustice. See EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). We review the district court's denial of a Rule 59(e) motion for abuse of discretion. See Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc., 576 F.3d 172, 192-96 (4th Cir. 2009) (holding that the district court abused its discretion in denying the plaintiffs' Rule 59(e) motion seeking to alter the judgment of dismissal with prejudice and allow an amended complaint). Generally speaking, failure by the district court to actually exercise its discretion by considering and balancing

23

relevant factors amounts to an abuse of discretion.  See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

III.

In this case, the district court's denial of Plaintiffs' motion for reconsideration and reinstatement is flawed on several fronts.  First, the district court failed to undertake the multi-factor balancing test before effectually dismissing Plaintiffs' action with prejudice.  In denying reinstatement of the case, the court recognized that the applicable statute of limitations likely barred refiling the action.  See Dove, 569 F.2d at 810 n.3 (assuming the prejudicial effect of a dismissal without prejudice handed down after the statute of limitations had run).  Thus, the district court acknowledged that denial of reinstatement would likely end the case and thus ultimately preclude Plaintiffs from exercising their "rights to a trial by jury and a fair day in court."  Mutual Fed. Sav. & Loan Ass'n, 872 F.2d at 92.  Denial of reinstatement effectively transformed the district court's earlier order of dismissal without prejudice into a dismissal with prejudice.  See Dove, 569 F.2d at 809-10 (construing dismissal without prejudice as dismissal with prejudice where the plaintiff could not refile the action due to statute of limitations).  And, of course, had the district court dismissed the case with prejudice in the first

24

instance, it would have been required to perform the four-part balancing test at that time. Hillig, 916 F.2d at 174 (stating that "[a] court must consider . . . four factors before dismissing a case" under Rule 37).

Despite recognizing the finality of its order denying reconsideration of dismissal, the court made no attempt to justify the severity of the sanction imposed. The district court made no findings indicating bad faith by Plaintiffs, prejudice to Ethicon, the need for deterrence, or the ineffectiveness of less drastic sanctions. See Wilson, 561 F.2d at 516 (faulting district court for failing to make appropriate findings on "critical issues which the District Court was required to address in determining whether to grant default judgment" as a Rule 37 sanction). In short, the district court failed to support its decision with any findings demonstrating "flagrant" and "callous disregard" for the authority of the court necessitating the "harsh" sanction of dismissal. Hillig, 916 F.2d at 174-75.

Nor does the record reflect such "callous disregard." Although Plaintiffs' concern that engaging in discovery would jeopardize their motion to remand may have been misguided, their behavior does not demonstrate a "pattern of indifference and disrespect to the authority of the court," Mutual Fed. Sav. & Loan Ass'n, 872 F.2d at 93, rising to the level of bad faith.

See Hillig, 916 F.2d at 174-175 (vacating order of dismissal where there was no evidence of bad faith and the circumstances of the case did "not merit the harsh sanction of dismissal for failure to comply with a discovery order"); Dove, 569 F.2d at 810 (reversing order of dismissal as abuse of discretion where the record "disclose[d] a number of minor defaults" but "nothing which [could] be construed as evidence of deliberate delay on the part of Dove or his attorneys"); cf. Wilson, 561 F.2d at 503-12 (holding that the evidence was insufficient to establish a pattern of misconduct to justify sanction of default, although the district court had issued two orders compelling discovery and extended the discovery deadline, and notwithstanding that the plaintiffs had only received incomplete responses to their interrogatories and requests for documents).

Moreover, any prejudice arising from Plaintiffs' initial failure to serve the Plaintiff Profile Form is minimal. Ethicon suggested in its motion to dismiss that prejudice arose because it had been "deprived . . . any opportunity to consider [Plaintiffs'] case for the discovery pool." J.A. 413. This argument is inapposite, however, because Plaintiffs submitted the Plaintiff Fact Sheet, which is the very document that would have been required had they been selected to participate in the discovery pool. In other words, since the day of the dismissal, Ethicon has possessed all of the information it would have had

26

if Plaintiffs had timely filed their Plaintiff Profile Form and had then been selected to participate in the discovery pool. Ethicon advanced no other grounds for prejudice, and none is apparent from the record.

The district court's refusal to reinstate the case is particularly baffling given its previous decision denying Ethicon's Rule 37 motion to dismiss the case with prejudice. The district court explicitly rejected Ethicon's argument in support of dismissal with prejudice, concluding that Ethicon had "not provided sufficient support to dismiss this action with prejudice." J.A. 371. The court nevertheless found some merit to Ethicon's position and agreed to dismiss the case without prejudice as a sanction for Plaintiffs' failure to file the Plaintiff Profile Form. Immediately following the court's dismissal, Plaintiffs fully complied with their discovery obligations by serving the Plaintiff Fact Sheet, which contained all of the information required under Order 17. Yet when Plaintiffs requested reinstatement of the case--having cured the single defect that prompted dismissal--the district court refused.

Why would the district court, having determined that there was insufficient evidence to dismiss the case with prejudice at a time when Plaintiffs' discovery remained outstanding, refuse to reinstate the case once the discovery had been served? What

27

did the district court mean when it dismissed the case without prejudice? Without prejudice to what, if not reinstatement? Nothing in the record suggests a satisfactory answer to these questions. Nothing occurred between the dismissal without prejudice and the order denying reinstatement to explain the district court's abrupt change of heart.

These unanswered questions are especially concerning in light of the district court's suggestion that central blame for the dismissal lay with "strategic decisions made by the plaintiffs' counsel." J.A. 438. We have long recognized that, in granting judgment against a party based on the failings of counsel, the court should first carefully consider the availability of less severe sanctions. See, e.g., Hillig, 916 F.2d at 174 ("A dismissal sanction is usually inappropriate when it unjustly penalizes a blameless client for the attorney's behavior."); Reizakis, 490 F.2d at 1135 ("Rightfully, courts are reluctant to punish a client for the behavior of his lawyer."). Here, there is no evidence the district court considered lesser sanctions.

In sum, the district court ended Plaintiffs' case without engaging in the balancing test we have, for years, required to ensure that the "harsh sanction of dismissal" is "reserved for only the most flagrant case" evincing "bad faith and callous disregard for the authority of the district court[.]" Hillig,

28

916 F.2d at 174-75 (quotation marks omitted). The district court's refusal to reinstate the case results in manifest injustice to Plaintiffs, who have been denied their day in court without the requisite showing of bad faith or prejudice. Because nothing in this case indicates that Plaintiffs "deceive[d] [the] court or abuse[d] the process at a level . . . utterly inconsistent with the orderly administration of justice" or otherwise "undermine[d] the integrity of the [judicial] process," Projects Mgmt., 734 F.3d at 373, I would hold that the district court abused its discretion in denying Plaintiffs' motion for reconsideration and reinstatement. Accordingly, I respectfully dissent.